May it please the court. My name is Doug Micco and I represent John Schostag in this appeal of his supervised release conditions. The district court modified Mr. Schostag's supervised release conditions to specifically disallow him from participating in Minnesota's medical marijuana program. And the court did so under this mistaken view that it felt like it was required to do so under clear federal law. It's true that when a person uses drugs in violation of their terms of supervised release, that is a violation unless there is an extenuating circumstance under 18 U.S.C. 3583D, participation in a drug treatment regime. The error here really goes back to the mistaken view that this is a supremacy clause case. That is that illegal drug use is prohibited for supervised release members, that marijuana is illegal under federal law, and that any conflicting state law then has no applicability. That's the wrong way to analyze this case. Supremacy is not the question here. Really the question is whether or not a district court can harmonize two conflicting federal laws. On one hand is the Controlled Substance Act, which deems marijuana a Schedule I drug with no accepted medical use. And on the other hand is the Federal Appropriations Act that prohibits the Department of Justice from taking any steps that would interfere with the state's medical marijuana regime. If these two laws operated in isolation, it'd mean that a supervisee who takes medical marijuana would violate the terms of their supervised release, but there'd be no enforcement mechanism because the Department of Justice has been defunded from taking any steps that would interfere with the state's medical marijuana regime. So if there's any constitutional question, it's not one of supremacy, it's really a question of separation of powers under the Appropriations Article of the Constitution. There is a way to harmonize those two conflicting federal laws short of reaching the constitutional question, and that is what the district court failed to recognize. 18 U.S.C. 8583D itself provides the court with a type of safety valve, a way out for drug users, and that's considering whether or not drug treatment is involved. If drug treatment is available or if the supervisee has taken part in drug treatment, the court doesn't need to find a violation. That's where the district court erred here. Here, the district court said the law is clear, and the law is clear when only considering the Controlled Substance Act. But the Controlled Substance Act does not operate in isolation. It's informed by the Appropriations Act, which takes away funds from the Department of Justice to prosecute any of these violations, including supervised release violations, and it's informed by 3583D. Why does a law that speaks to the Department of Justice have any impact on the court and its administration of conditions of supervised release and imposition of conditions of supervised release? Your Honor, there are cases that have found that despite the Appropriations Act, the court could include the standard condition that a person not use drugs. That's different than what we have here, where the court has included a special condition disallowing participation. To the question of why this has anything to do with what the court can do, it's because of the enforcement mechanism that goes forward next. The court left unchanged here. The court could include a condition of supervised release where there's absolutely no enforcement mechanism, and actually, there are contrary conditions. For Mr. Shostak, for instance, one of his conditions was to take all prescribed medication. He was issued a prescription for medical marijuana under the care of not only his treating doctor, but also his drug treatment counselor and provider. I thought the district court viewed this not as a standard condition of supervised release, but a mandatory condition of supervised release. I'm sorry, that's what I meant. As I understand it, the district court said, basically, not violating any federal, state, or local laws is a mandatory condition of supervised release. This is a violation of federal law, therefore I have no discretion. Is that a fair summary? That's exactly right, and that's where the error lie. And you said the Justice Department can't prosecute, in essence, these supervised release violations because of the Appropriations Act. But that's not the way they normally come about. Usually, it's the probation office, which is an arm of the judiciary, that brings these to the attention of the court. Where does the probation office fit into this prohibition? It's clear that the probation office is the arm of the court. So, to the extent that the Appropriations Act does not apply to the court, it doesn't apply to the probation officer as well. But, when we drill down a little bit further, that distinction kind of falls apart. Because the matter has to come forward one way or another. It would come forward by way of a warrant through the U.S. Marshals, who wouldn't be authorized to execute the warrant because they have no funding. If a person's found in violation, they'd be sentenced to a term of imprisonment at the Bureau of Prisons. They couldn't accept them because there's no funding under the Bureau of Prisons. So, the distinction doesn't really hold up when we drill down to it. Really, the distinction itself, and the Appropriations Act itself, is one that we're suggesting the district court should have considered that tension in context of 3583D. And realize that there's a different way out here than raising a constitutional question that we don't need to raise. Where the district court here says, the law is clear, this is illegal under federal law, and I must disallow your participation in the medical marijuana program. That's actually not right. And that's why we would ask the court to reverse and remand this to the district court. Finding that the district court erred in not recognizing that 3583 allowed this other choice. And incidentally, not only is this another choice, it is the best choice for Mr. Shostag. The record is replete with evidence here that Mr. Shostag ought to be able to participate in this medical marijuana regime. Minnesota has one of the strictest medical marijuana regimes of any state that participates. It's included within the Appropriations Act such that the Department of Justice cannot interfere with Minnesota's program. And it is an interference with Minnesota's medical marijuana program where somebody's not allowed to participate. The way to address that tension is remanding to the district court. For the district court to consider whether or not Mr. Shostag's drug treatment, past and perhaps future, mitigates the notion that he is in violation of his supervised release. I see I've bled into my time for rebuttal, so I would like to reserve a couple of moments. May it please the court. Good morning. AUSA David Genrich on behalf of the Government Council. I guess I'll begin with what was the primary thrust of Mr. Shostag's argument, which is an entirely new one. Nowhere in the district court was there a claim that there was a constitutional tension between the Appropriations Act and the supervised release procedures used here. And it appears nowhere in Mr. Shostag's briefs. That claim has been waived to the extent it's being made here, and there's been no opportunity for the government to respond to it. I think the court's initial reaction with respect to the distinction between a court's authority to enforce its supervised release authority and whatever the Appropriations Act may provide with respect to Department of Justice activity is an appropriate one. But you will search the briefing in this case in vain to find any argument with respect to the Appropriations Act, because it simply does not exist. Counsel, assuming that that argument is not waived, I'd like to briefly address, it's my understanding that under Section 3583D it's a mandatory condition that they not unlawfully possess a controlled substance. Wouldn't that be a more specific law than the Appropriations Act as to this issue? It would, Your Honor. It would be a more specific law. And, in fact, with respect to congressional intent, congressional intent is clear that the possession of marijuana is prohibited under federal law and that no federal supervisee can either violate federal law or possess a controlled substance in violation of federal law. There's, of course, with respect to what actually happened in the district court below, there is both another waiver argument, but I think to Judge Molloy's question, an important starting point is what actually happened in the district court. The district court did not find Mr. Shostag in violation. Mr. Shostag admitted use. There's no question about that. But as the district court indicates in its written order, Mr. Shostag denied a violation. And his counsel indicated that the reason he would deny the violation was because one of the standard conditions permitted the use of a controlled substance upon prescription. And it was Mr. Shostag's explicit position below that he complied with the GNC because he had been prescribed marijuana. What the district court said, again explicitly at the hearing, was to the extent it is not clear from the conditions of supervised release, to the extent there is any confusion between the condition that prohibits the violation of federal law by a supervisee and the condition that says you can use controlled substances if prescribed, that to the extent there was any confusion, the district court took responsibility for that. You would acknowledge, counsel, that the government asked the court to send a clear message and that that resulted in a modification of the order? Exactly, Your Honor. What the government asked was for the court to make clear that no supervisee, including Mr. Shostag, can use marijuana while on supervised release. And in asking the court to make clear, what the government was building on was the argument that there was some ambiguity in the supervised release conditions. The government was saying, to the extent there's ambiguity, the purpose of this hearing has to be to make clear to Mr. Shostag that he cannot be using marijuana in any form or under a prescription. And that's precisely what the district court did by modifying the conditions of supervised release. But of course, a district court can modify the conditions of supervised release without finding a defendant in violation. It happens all the time. And in fact, it's what happened in this case. The district court wanted to make clear to Mr. Shostag that he could not use marijuana. So what really happened below was not, Judge Malloy, that he said there was a mandatory condition, you violated it, and therefore I'm revoking you or imposing some consequence. What the district court said was, to the extent there's any ambiguity about whether you can't use under prescribed marijuana, I'm going to resolve it here today by modifying your conditions. But still, at the end of the day, it's not a discretionary call. Correct. I mean, Judge Frank did not say, as a matter of my discretion in the imposition of supervised release conditions, I'm going to pick this condition. I mean, the conditions that are in conflict are that you're not supposed to violate any federal, state, or local law, and you're not supposed to use a controlled substance. But then you also have a special condition that says you must take any prescribed medication. And so his, Shostag's position is, marijuana's prescribed, there's a specific condition that says I must take it if it's prescribed, right? I think that's right, Your Honor. And actually, that third layer has not been amplified in the briefs, but I think it's a fair point, that there was a third condition that also bore upon Mr. Shostag's argument that there was a conflict between the conditions. But Judge Frank didn't say, well, as a matter of discretion, I'm going to pick one over the other. He said, as a matter of mandatory federal law, I'm picking one over the other. So we do review that de novo, right? This isn't a typical abuse of discretion of whether or not you shouldn't be looking at a computer if you've got a child porn conviction. I mean, those are the typical type we get. I think so, Your Honor, although I don't think that conflict between the conditions is really Mr. Shostag's claim here. What Mr. Shostag claims in his briefs, at least, his first brief, put aside the reply brief and his argument here today, was that the district court committed legal error because the district court failed to recognize under 3583D that the court shall consider drug treatment as an alternative to the mandatory revocation provisions of 3583G. That was the argument in the opening brief. And there was no legal error by the district court, in part, importantly, because the district court did not revoke Mr. Shostag. So 3583G and the 3583D treatment alternative did not apply. Secondly, counsel asked, as any sanction imposed, that there be no sanction and that Mr. Shostag be given two weeks to conform his conduct with the modification. That's what the district court did. That's the government's waiver argument, which I won't spend any more time on here today unless the court has questions. Judge Mollet, you're reaching, really, a critical point, which is, okay, well, what is the defendant's claim the legal error is? Again, in the opening brief, it's that the district court failed to recognize it shall consider drug treatment as an alternative to incarceration. In the reply brief, that morphs into something more general, that the district court can always order drug treatment under any circumstance, revocation or not, which is certainly true, that that modification could be made. Here today, we have an Appropriations Act argument, which, again, I don't intend to address further unless the court has questions. So let's focus, if we could, on what the claim is. The claim isn't really, the government submits, that the district court didn't understand it could order drug treatment. The district court had done that as a condition upon sentencing 10 years before this, when he was originally sentenced. Mr. Shostag had completed drug treatment in March of 2017, just months before this hearing, and Mr. Shostag had medical problems that were interfering with his outpatient treatment. As counsel indicated in the opening argument, one of the letters received from the court was by someone who was associated with the Genesis treatment program that Mr. Shostag was participating in. You also have an experienced district court judge here. There's no question the district court judge knew it could have ordered drug treatment. No one was suggesting that was what was required. Mr. Shostag was using medical marijuana, he did not test positive again for meth, and this wasn't a typical drug abuse scenario where anyone felt like drug treatment was what was required. The authentic claim that the defendant is making on appeal, never presented below to the district court, was that the district court should have countenanced the use of medical marijuana under a drug treatment umbrella. For this court to remand to the district court and say, you failed to realize you could send him to drug treatment, resolves nothing. The district court knew it could, and that wasn't the issue here. What this district court would have to direct is that, to be an effective remand, to give the relief Mr. Shostag is really requesting, is to direct the district court to permit drug treatment professionals to allow Mr. Shostag to violate federal law. Was there really anything here for the appellant to appeal? No. What was the adverse action, if any, was taken by the court, other than the court giving an explanation of the law? I shouldn't say no. I mean, I'm wondering, do we even have jurisdiction over this? Was this an appealable kind of supervised release order? Your Honor, in thinking about that question, the way the government framed its brief was this issue of cognizability, and the government did not raise jurisdiction, and here's why. A defendant can appeal a modification order, and if Mr. Shostag had come to this court and said, we think the district court abused its discretion by including a condition that made explicit that he could not violate federal law by using marijuana, that that was an abuse of discretion, that would be an appeal over which this court could adjudicate as a jurisdictional matter. I didn't argue a lack of jurisdiction because this is a modification order, and Mr. Shostag took a direct appeal from a modification order, and the district court has jurisdiction over those sorts of appeals. What I argued with respect to cognizability was that now that it's before you, and you have jurisdiction over the modification, he's not stating a valid claim for relief because he's relying on 3583D and G, but those were not the subject of the district court supervised release hearing because there was no revocation. Is that responsive, Your Honor? Yes. Okay, thank you very much. Thank you very much. How much time does counsel have? Ten minutes. You may proceed. Thank you, Your Honor, and let me address Your Honor's question first about whether there's anything to appeal here. It's correct that a supervisee can always appeal the conditions of their supervised release. I would take that a step further under 3583G. There's been discussion today about whether that would require revocation of somebody's supervised release when there's evidence of drug use. The statute actually goes further and discusses any action taken. Clearly here, the call and response was Mr. Shostag tested positive for medical marijuana, and the district court responded by adding the condition. That's an appealable matter. Let me speak to the issue. And the condition you're talking about is the explanation of what the law is? No, Your Honor. I'm talking about the special condition that disallowed Mr. Shostag's use or participation or attempt to get a prescription card or have a prescription card to participate in Minnesota's medical marijuana regime. Well, at least the first part of that, the first group of those actions would arguably violate federal law, which was already prohibited. Your Honor, it's true that, and this is, again, where we believe the district court's error was. Under the Controlled Substance Act, there's no question that marijuana is a Schedule I drug and considered to be illegal. I understand that argument. Go ahead. But there's no enforcement mechanism, which puts that law in tension. The question of whether or not we waive that argument, at our brief at page 16, there's an extended discussion and a quote of the Appropriations Act. Below with the district court and the transcript, the court will see at page 8, there's discussion about whether there's going to be any additional prosecution of this matter, and the court will also see that there's discussion from Mr. Shostag's counsel about asking him not just to have a two-week period to come into compliance, but generally to be allowed to use medical marijuana. The court will find that at page 5 of the transcript. I see there are no further questions, and my time is up. Thank you. Thank you, counsel. The case has been submitted. You may stand aside.